IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-81-BR-1
No. 7:16-CV-228-BR

| NATHANIEL FRANK DAVIS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 39.) Although the Clerk notified petitioner of the time within which he must file a response and that his motion may be dismissed if he failed to respond, (DE # 51), petitioner has not filed a response to respondent's motion.

In 2008, petitioner pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a). In 2009, after determining petitioner was a career offender under U.S.S.G. § 4B1.1, the court sentenced him to 188 months imprisonment. Petitioner appealed his sentence, and the Fourth Circuit Court of Appeals affirmed, (DE # 36). In 2016, petitioner filed the instant § 2255 motion, claiming he is not a career offender in light of the decision in Johnson v. United States, 135 S. Ct. 2551 (2015), and requesting that the court vacate his sentence. (DE # 39.) After the court ordered respondent to file an answer or other appropriate response to petitioner's motion, respondent filed a motion to stay pending the decision in Beckles v. United States, 137 S. Ct. 886 (2017), which the court allowed, (DE # 44). Once that decision issued, the court lifted the stay and directed respondent to file an answer or appropriate motion. (8/4/17 Text Order.) Respondent then filed the instant motion to dismiss.

Respondent contends that petitioner's motion should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This same standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See United States v. Reckmeyer, 900 F.2d 257 (4th Cir. 1990) (unpublished) ("We agree that a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition." (footnote omitted)). Specifically, respondent argues that Beckles precludes petitioner's challenge to his sentence as a career offender. The court agrees.

A defendant is subject to the career offender enhancement

> if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2016). At the time of petitioner's sentencing, a "crime of violence" was defined as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>     (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>     (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. § 4B1.2(a) (2008). The last clause of this definition is known as the "residual" clause. Petitioner claims that his offense of conviction—bank robbery—does not meet this definition based on Johnson.

In Johnson, the Court held that the residual clause in the violent felony definition of the Armed Career Criminal Act was unconstitutionally vague. United States v. Lee, 855 F.3d 244, 246 (4th Cir. 2017). However, applying Beckles, the Fourth Circuit has recognized that "*Johnson*'s vagueness holding does not apply to the residual clause in § 4B1.2(a)(2)." Id. at 247 (citing Beckles, 137 S. Ct. at 892). Accordingly, petitioner's claim based on Johnson fails.

For the foregoing reasons, respondent's motion is ALLOWED. Petitioner's motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 14 June 2018.

_____
W. Earl Britt
Senior U.S. District Judge