IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-81-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NATHANIEL FRANK DAVIS | ) | |

This matter is before the court on defendant's motion for compassionate release. (DE # 58.)

In 2008, defendant pled guilty to bank robbery. The court sentenced him to 188 months imprisonment. The Fourth Circuit Court of Appeals affirmed this sentence. (DE # 36.)

In June 2020, defendant filed *pro se* the instant motion. Pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent defendant for purposes of the motion. Appointed counsel filed a supporting memorandum with supporting documents. (DE ## 61, 62.) The government filed a response in opposition with supporting documents. (DE ## 66-68.)

Defendant seeks release from imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

> the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, __ F.3d __, Nos. 20-6821, 20-6869, 20-6877, 2020 WL 7050097, at *1 (4th Cir. Dec. 2, 2020). "[A]s a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at *9 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (citation omitted) (alteration in original).

At the outset, the court recognizes that on 27 July 2020, defendant submitted to the Warden a request for a reduction in his sentence. (See Mem., Ex. B, DE # 61-2.) According to defendant, the Warden has not responded to this request. (Mem., DE # 61, at 1.) The government does not dispute that defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement. Therefore, the court will consider the merits of defendant's motion.

2

Defendant requests that the court grant him compassionate release based on "his immediate vulnerability to COVID-19 while detained with a high-risk medical condition." (Mem., DE # 61, at 1.) He seeks a time-served sentence or a period of home confinement as a condition of supervised release. (Id. at 2.) The government acknowledges defendant might be at an increased risk of severe illness from COVID-19 but maintains that defendant's medical condition can be appropriately managed at his institution and the § 3553(a) factors weigh against a sentence reduction. (Resp., DE # 66, at 16-18.)

Defendant is 57 years old and has chronic hepatitis C. (Mem., DE # 61, at 1; Ex. C, DE # 62.) He also claims to be experiencing psychological issues associated with being on lockdown due to the pandemic and with being transferred from "one highly infected environment[, FCI Estill which a tornado destroyed,] to another state that has been declared a hot spot[,] Pennsylvania . . . ." (Mot., DE # 58, at 2-3; see also Mem., DE # 61, at 1.)

Regarding hepatitis C and COVID-19, the Centers for Disease Control and Prevention states:

> Currently, we have no information about whether people with hepatitis B or hepatitis C are at increased risk for getting COVID-19 or having severe COVID-19. However, based on available information and clinical expertise, older adults and people of any age who have serious underlying medical conditions, including people with liver disease, might be at higher risk for severe illness from COVID-19, particularly if the underlying medical conditions are not well controlled.

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html (emphasis removed) (last visited Dec. 16, 2020). Defendant's medical records do not indicate that he has cirrhosis of, or other damage to, the liver or that he is currently being treated with any immunosuppressing drugs.[2] Thus, his hepatitis, while certainly serious, appears under control.

---

[2] According to defendant, the Bureau of Prisons is not providing him with certain medications that treatment of his hepatitis C requires. (See Mem., DE # 61, at 2 ("People with Hepatitis C require certain medications that Mr. Davis is not receiving while detained.") (citing defendant's medical records and exhibit entitled "Simplified HCV

3

As for defendant's mental health issues, the pandemic and limited time outside his cell may be causing him stress and anxiety. See generally Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/daily-life-coping/managing-stress-anxiety.html (last visited Dec. 16, 2020). However, psychological distress is not a risk factor for severe illness from COVID-19. See Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 16, 2020).

At USP Lewisburg, where defendant is incarcerated, there was a COVID-19 outbreak several months ago. See United States v. Rosario, No. 09-CR-415 (VEC), 2020 WL 6946510, at *1 (S.D.N.Y. Nov. 25, 2020) (citing to the government's response "noting that 'all 84 infected inmates and two staff have recovered' since the August 2020 outbreak at USP Lewisburg"). The number of infections has decreased since that time, but it appears to be rising. Compare id. (recognizing that as of 25 November, "there are no active infections among inmates and only five active infections among staff in that facility"), with Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Dec. 16, 2020) (showing 33 inmates and 7 staff at USP Lewisburg are positive for COVID-19).

Considering defendant's age, his physical and mental health, and the facility where he is incarcerated, combined with the COVID-19 pandemic, the court concludes defendant has not shown extraordinary and compelling reasons to warrant a sentence reduction. Even assuming

---

Treatment Algorithm for Treatment-Naïve Adults Without Cirrhosis.").) Defendant's medical records reflect on 30 April 2020, the Bureau of Prisons was in the process of obtaining lab work for defendant "to help arrange for treatment." (Ex. C., DE # 62, at 3.) At that time, defendant informed the treating physician of "no complaints." (Id. at 2.) It appears all relevant lab work was completed and received by the Bureau of Prisons by 27 July 2020, (see Ex. C., DE # 62, at 28-32), around the time appointed counsel filed the supporting memorandum. The court presumes the Bureau of Prisons has since decided on the appropriate course of treatment for defendant.

defendant had made such a showing, the court further concludes that the § 3353(a) factors do not support reducing his sentence to time served or a period of home confinement.

Prior to his commission of the instant offense, defendant had an extensive criminal history, having been convicted of 12 felonies and more than 50 misdemeanors. (PSR, DE # 68, ¶¶ 8-73.) At sentencing, this court deemed defendant a career offender and commented that defendant's criminal history was among the worst it had ever seen. (4/6/09 Tr., DE # 34, at 3, 4.) Defendant's guideline imprisonment range was 151 to 188 months. (PSR, DE # 68, ¶ 122.) The court denied the government's motion for upward departure based on the inadequacy of defendant's criminal history category, concluding that a term of imprisonment at the top of the guideline range was sufficient. (See 4/6/09 Tr., DE # 34, at 4-6.)

Defendant has served nearly 90% of his sentence (with good time credit) and is projected to be released in June 2022. (Resp., Ex. B, DE # 66-1.) He has completed a drug education program and other courses and maintained employment. (Id.; Mem., DE # 61, at 13.) Despite these positive actions while incarcerated, defendant has committed 12 infractions, his security classification is medium, and his recidivism level is high risk. (Resp., Ex. B, DE # 66-1.)

Considering the § 3553(a) factors, the court concludes defendant's release from imprisonment, even to a period of home confinement, is not warranted. A reduction in defendant's sentence would not provide just punishment for the offense, promote respect for the law, or deter crime. Defendant's motion for compassionate release is DENIED.

This 17 December 2020.

_____
W. Earl Britt
Senior U.S. District Judge